UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL JOSEPH EGAN,<br><br>    Defendant. | Case No. 2:07-CR-00145-KJD-PAL<br>            2:09-CV-01899-KJD<br><br>**ORDER** |

Before the Court is the Government's Motion to Dismiss Daniel Egan's Motion Under 28 U.S.C. § 2255 as Time Barred (#1272). Defendant has filed an opposition (#1281) and the Government has filed a reply (#1284).

I. Background

On July 16, 2008, Defendant entered into a Plea Agreement. As part of the agreement, Defendant waived his right to appeal any sentence imposed within the guidelines, and any other aspect of his conviction or sentence. (Dkt. #285.) The Court entered judgment in this case on

September 19, 2008. (Dkt. #365.) Defendant filed his subsequently-amended § 2255 Motion on September 29, 2009–one year and ten days later.[1] (Dkt. #1156.)

II. Discussion

The issue before the Court is whether Defendant's motion was timely filed.  According to 28 U.S.C. § 2255(f)(1), "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of ... the date on which the judgment of conviction becomes final." The Supreme Court has held that "final" means "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987) (applying this definition to determine retroactivity of a criminal procedural rule). Moreover, "[a]pplied in the context of a criminal prosecution, finality is normally defined by the imposition of the sentence." Flynt v. Ohio, 451 U.S. 619, 620 (1981) (per curiam). With the Supreme Court's definition of finality in mind, the Ninth Circuit has adopted, for § 2255 purposes, the definition of finality set forth in 28 U.S.C. § 2244(d)(1) which is applicable to state prisoners seeking federal habeas relief.  United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001).  There the Court held that "the statute of limitations within which [the defendant] had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal." Id.

Under the rules in effect at the time, in cases where the defendant had a right to appeal his sentence, but did not appeal, the conviction becomes final on the day when the 10-day period for filing a notice of appeal expires. Schwartz, 274 F.3d at 1223; See also Anjulo-Lopez v. United States, 541 F.3d 814, 816 n. 2 (8th Cir. 2008).

The Government argues that because Defendant waived his right to appeal, he could not have sought review by direct appeal at the time judgment was entered and the one-year limitation period

---

[1] The date on the certificate is September 25, 2009, which is one year and six days after the court entered judgment.

began. Defendant argues that he should be allowed to avail himself of the additional 10-day period for filing a notice of appeal even though waived the right to appeal in the Plea Agreement.

Generally, the Court of Appeals lacks jurisdiction to entertain appeals where there was a valid and enforceable waiver of the right to appeal. United States v. Vences, 169 F.3d 611, 613 (9th Cir.1999) ("It would overreach our jurisdiction to entertain an appeal when the plea agreement effectively deprived us of jurisdiction."); United States v. Jeronimo, 398 F.3d 1149, 1155-56 (9th Cir.2005), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947, 957 (9th Cir.2007). However, the Court of Appeals will entertain a direct appeal claiming ineffective assistance of counsel in "unusual cases (1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." Id. (citing United States v. Daychild, 357 F.3d 1082, 1095 (9th Cir.2004)).

The Ninth Circuit rule as explained in Schwartz, is that the one-year period in which a defendant may file a § 2255 runs when the time to seek a direct appeal expires. In this case, Plaintiff's could have sought a direct appeal based on ineffective assistance of counsel up to 10 days beyond the date the Court imposed sentence. Sentence was imposed on September 19, 2008 and accordingly, Defendant's § 2255, filed September 25, 2009, was timely.

III. Conclusion

**IT IS HEREBY ORDERED THAT** the Government's Motion to Dismiss Daniel Egan's Motion Under 28 U.S.C. § 2255 as Time Barred (#1272) is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Government is ordered to file an expedited response to Defendant's Motion Under 28 U.S.C. § 2255 (#1262), or before September 26, 2012.

DATED this 7th day of September 2012.

_____
Kent J. Dawson
United States District Judge