# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIEL JOSEPH EGAN,

    Defendant.

Case No. 2:07-CR-00145-KJD-PAL
          2:09-cv-01899-KJD

**ORDER**

    Before the Court is Defendant Daniel Joseph Egan's Amended Motion to Vacate Under 28 U.S.C. § 2255 (#1262).  The Government has filed an opposition (#1400).

I. Background

    In July, 2008, Defendant entered into a plea agreement and pled guilty to two counts of violent crime in aid of racketeering under 18 U.S.C. § 1959(a)(3).  Defendant had a leadership role in the Aryan Warriors, a criminal gang.  As a leader of this gang, Defendant ordered violent assaults on two prison inmates.  Based on his guilty plea, Defendant was sentenced to concurrent 200-month prison sentences on September 19, 2008.

    Defendant filed this amended motion for relief under 18 U.S.C. § 2255 on February 26, 2010.  The Government moved to dismiss the amended § 2255 motion, arguing that since Defendant

waived his right to appeal, the time to file ran from the day that judgment was entered. The Court issued an order (#1393) denying the motion, and ordered the Government to file a response to the amended § 2255 motion.

II. Discussion

    A. Legal Standard

    Claims asserting ineffective assistance of counsel are controlled by the familiar two-pronged test defined in Strickland v. Washington, 466 U.S. 668 (1984). Under the first prong, the § 2255 defendant must demonstrate that counsel's conduct was constitutionally deficient in that it fell below an objective standard of reasonableness. See Id. at 688. In evaluating counsel's performance, courts must not engage in the distorting analysis of hindsight; rather, they must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. See Id. at 690. Furthermore, because counsel's competence is presumed, to satisfy this prong, a defendant must rebut this presumption by proving that his counsel's representation was unreasonable under prevailing professional norms. See Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). To satisfy the second prong, the defendant must demonstrate that counsel's deficient performance prejudiced him. See Strickland, 466 U.S. at 687. Typically, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Id. at 694. The burden is undoubtedly on the defendant and unless he proves both prongs, his claims fail. See Id. at 687.

    The court need not conduct an evidentiary hearing where "the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court may take notice of affidavits filed in support of the motion and response when addressing issues raised by a petitioner. See United States v. Hernandez–Mendoza, 1999 WL 1217933 at *5 (9th Cir.1999)(upholding the denial of an evidentiary hearing on a § 2255 petition where "[t]he district court reviewed the plea agreement, the plea petition, the transcript of the change of plea proceedings, and the affidavits of [defense counsel] before denying the motion for an evidentiary hearing."). An

evidentiary hearing is only needed if "accepting the truth of [defendant's] factual allegations, he could have prevailed on an ineffective assistance claim." United States v. Blaylock, 20 F .3d 1458, 1465 (9th Cir.1994).

### B.  Involuntary Guilty Plea

"Conviction as an aider and abettor requires proof the defendant willingly associated himself with the venture and participated therein as something he wished to bring about." United States v. Zemek, 634 F.2d 1159, 1174 (9th Cir.1980).  "[A]iding and abetting provides that a person who aids, abets, counsels, commands, induces or procures the commission of an offense against the United States is punishable as a principal." United States v. Barnet, 667 F.2d 835, 841 (9th Cir. 1982) (internal quotations omitted) (citing 18 U.S.C. § 2 (1976)). An abettor is one "who, with mens rea, ... commands, counsels or otherwise encourages the perpetrator to commit the crime." Id. (quoting Perkins, Criminal Law, at 645 (2d ed. 1969)).

Defendant argues that his trial counsel was ineffective for failing to advise him that the facts he admitted to do not constitute a violation of 18 U.S.C. § 1959(a)(3), the crime to which he pled guilty. Defendant asserts that he is actually innocent of assault under 18 U.S.C. § 1959(a)(3) and that he admitted only facts that would support a conviction for conspiracy under 18 U.S.C. § 1959(a)(6), which carries a significantly lesser maximum sentence.  Defendant further alleges that the Court's colloquy was defective since it did not explain the nature of the charges against him.

Defendant's counsel was not ineffective because the facts admitted by Defendant do constitute a violation of 18 U.S.C. § 1959(a)(3).  Although Defendant never used the words "aiding and abetting" the conduct he admitted to constitutes aiding and abetting.  Specifically, when asked by the Court if he "did something in relationship to Mr. Fetchman" Defendant admitted "Yes, Sir, I did. I gave - the order and organized and sanctioned the assault on Mr. Fetchman."  (#1394 at 23:2-3.) He also admitted to using his position in the Aryan Warriors to order the assault on the other inmate, Cody Dunn.  (Id. at 25-26.)  By admitting that he gave these orders, Defendant has shown that he willingly participated in the assaults and wished to bring them about, which constitutes aiding and

3

abetting. Defendant himself argues that he could be found guilty under (a)(3) only if he committed an overt act. His admission that he gave the order supplies the overt act. See United States v. DeGeorge, 380 F.3d 1203, 1216 (9th Cir. 2004) (perjury constitutes overt act in furtherance of conspiracy). Accordingly, Defendant's admissions satisfy the elements of 18 U.S.C. § 1959(a)(3), and his counsel was not ineffective for failing to advise him otherwise. Similarly, Defendant has no ineffective assistance claim based on the Court's allegedly inadequate colloquy.

### C. Maximum Sentence

Defendant contends that his counsel was ineffective for failing to object to the imposition of the 200-month sentence because his admissions only establish a conviction under 18 U.S.C. § 1959(a)(6), which carries a statutory maximum sentence of three years. As stated *supra*, Defendant's admissions satisfy the elements of 18 U.S.C. § 1959(a)(3), which carries a 20-year maximum sentence. Accordingly, Defendant's counsel was not ineffective for failing to object to the 200 month sentence.

### D. Sentencing Enhancements

#### 1. Enhancement Under § 2A2.2(b)(4)

The Ninth Circuit has held that a "thing of value" is a term of art that encompasses intangible benefits. United States v. Schwartz, 785 F.2d 673, 680 (9th Cir. 1986). Defendant admitted that he acted in order to maintain and increase his status in the Aryan Warriors. Defendant cites inapposite case law to claim that his counsel was ineffective for failing to argue that his status in the gang is not a "thing of value." This argument fails because status in a criminal gang is an intangible benefit and is sufficient to warrant the enhancement. His counsel was not ineffective for failing to argue otherwise.

#### 2. Double Counting

A court may apply two enhancements based on a single act when "it is necessary to ensure that the defendant's sentence reflects 'the full extent of the wrongfulness of his conduct.'" United States v. Archdale, 229 F.3d 861, 869 (9th Cir. 2000) (quoting United States v. Reese, 2 F.3d 870,

4

895 (9th Cir. 1993)).  Impermissible double counting "occurs where one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by the application of another part of the Guidelines." Reese at 2 F.3d 895.

Defendant received a 4-1eve1 enhancement under § 2A2.2(b)(2)(B) for use of a deadly weapon and the 6-leve1 enhancement under § 2A2(b)(3)(C) because the victim received life threatening injuries.  Defendant argues that application of both these enhancements constitutes impermissible double counting because"use of a weapon to inflict injury and the injury itself result in the same harm from the same singular conduct."

The guidelines recognize that use of a deadly weapon and infliction of life-threatening injuries are distinct harms.  Not every use of a deadly weapon results in life threatening injuries, and not every life threatening injury is the result of the use of a deadly weapon.  In order to impose a sentence reflecting the full extent of Defendant's wrongful conduct, the Court must count these factors separately and apply enhancement for each.  Accordingly, Defendant's counsel was not ineffective in failing to challenge these enhancements.

E.  Notice of Appeal

Failure to file a notice of appeal upon a defendant's request is ineffective assistance, even where a defendant has waived his right to appeal.  United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9 Cir. 2005).  In determining whether a defendant made such a request, an evidentiary hearing is not required "where an issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988); see also U.S. v. Beltran-Salas, 2007 WL 1302759 (D.Idaho, 2007) (unsupported and conclusory claim to have requested an appeal is insufficient to warrant hearing).

Defendant claims that he asked his attorney to file an appeal of the 200-month sentence, but was told that there was nothing to appeal.  According to Defendant's affidavit "Counsel never informed me that **he** had an obligation to file a notice of appeal if I instructed **him** to do so." (emphasis added).  Defendant's use of male pronouns in his affidavit shows that this request was not

made to his trial counsel of record, Ms. Karen C. Winckler.  Defendant is likely referring to Steven Greenup, an attorney from the U.S. Freedom Foundation who was allegedly hired by Defendant for purposes of an appeal, but never entered an appearance.  (See Letter from Daniel Egan to the Clerk of Court, May 11, 2012 Dkt. 1376).  The Court is well aware of Defendant's confusion about Mr. Greenup's representation because it became an issue when Defendant requested free transcripts from the court reporter.  Investigation by Court staff confirmed that, despite Defendant's belief, Mr. Greenup never represented Defendant or filed anything in his behalf.  Accordingly, any request made to Mr. Greenup cannot for the basis of a claim for ineffective assistance of counsel.

Defendant's actual trial counsel, Ms. Winckler, has filed a detailed affidavit stating that she has no recollection of Defendant asking her to file an appeal.  She further avers that standard procedure to file a notice of appeal when requested to do so, and that it is her standard practice to make notes in the file if a client makes a request to file an appeal.  Ms. Winckler states that there are no such notes in the file.  Ms. Winckler and the firm of Wright Stanish & Winckler are frequent litigants in this district, and the Court is aware of the reputation for professionalism associated with their practice.  Based on Ms. Winckler's affidavit and the affidavit of Defendant, the Court can determine without a hearing that Defendant never asked his trial counsel, Ms. Winckler, to file an appeal.  Accordingly, his claim for ineffective assistance of counsel on this ground fails.

Conclusion

**IT IS HEREBY ORDERED** that Defendant's Motion to Vacate (#1262) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court close case no: 2:09-cv-01899-KJD.

DATED this 28th day of September 2012.

_____
Kent J. Dawson
United States District Judge