1

2

3

4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

UNITED STATES OF AMERICA,

8

Plaintiff,

9

v.

10

DANIEL JOSEPH EGAN,

11

Defendant.

Case No. 2:07-cr-00145-KJD-PAL

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE MODIFICATION**

12      Before the Court is Defendant's Request for Sentence Modification (#1602). The

13  government responded in opposition (#1605) to which Defendant replied (#1606). Defendant

14  then filed his Motion for Appointment of Counsel (#1607) and another Motion for Sentence

15  Reduction (#1612). The Federal Public Defender's office interpreted this filing as a motion for

16  compassionate release and filed a notice of non-supplementation (#1613). The government again

17  responded in opposition (#1614) and Defendant replied (#1615). The Court will address each of

18  Defendant's motions.

19      I.      Factual and Procedural Background

20      Defendant Daniel Egan ("Egan") pleaded guilty to two counts of violent crime in aid of

21  racketeering. (#1605, at 1). The convictions were based on Egan's involvement and leadership

22  role in the Aryan Warriors gang. Id. The Court sentenced Egan to two concurrent 200-month

23  prison sentences. Id. Egan is not currently in Bureau of Prisons ("BOP") custody, but is in

24  Colorado state custody awaiting a murder trial for his alleged involvement in a 2018 prison

25  homicide. Id. at 2. Egan filed these motions arguing that his cooperation in the investigation

26  warrants him a reduction under Rule 35, that the First Step Act requires the Court to grant him

27  Good Time Credits ("GTC"), and that his health problems warrant compassionate release.

28

II.    Legal Standard

The district court that imposed sentence on a criminal defendant has authority to modify

the term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as

amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

That statute provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons,
> or upon motion of the defendant after the defendant has fully
> exhausted all administrative rights to appeal a failure of the Bureau
> of Prisons to bring a motion on the defendant's behalf or the lapse of
> 30 days from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the term of
> imprisonment (and may impose a term of probation or supervised
> release with or without conditions that does not exceed the unserved
> portion of the original term of imprisonment), after considering the
> factors set forth in section 3553(a) to the extent that they are
> applicable, if it finds that […]extraordinary and compelling reasons
> warrant such a reduction […] and that such a reduction is consistent
> with applicable policy statements issued by the Sentencing
> Commission[.]

18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the

Court must consider the same factors applicable at the original sentencing, enumerated in 18

U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. 18

U.S.C. § 3582(c)(1)(A). Second, the Court must find "extraordinary and compelling reasons" to

release a defendant from Bureau of Prisons ("BOP") custody in a policy statement. Id.

III.    Analysis

The Court construes a *pro se* motion liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007)

("A document filed *pro se* is to be liberally construed . . ."). However, the Court "lacks the

power to act as a party's lawyer, even for *pro se* litigants." Bias v. Moynihan, 508 F.3d 1212,

1219 (9th Cir. 2007). Construing his motion liberally, the Court finds that Egan has failed to

establish that he is no longer a danger to the public, extraordinary and compelling reasons to

justify early release, or that the First Step Act requires the Court to award him GTC.

Egan is not entitled to a sentence reduction under Rule 35. The Federal Rules of Criminal

Procedure permit district courts to "reduce a sentence if the defendant, after sentencing, provided

1    substantial assistance in investigating or prosecuting another person." FED. R. CRIM. PRO.

2    35(b)(1). However, the rule requires that the government bring the motion requesting the

3    sentence reduction. The government has made no such motion here. Because the government has

4    not filed a Rule 35 motion, Egan is not entitled to Rule 35 relief.

5            Egan is not entitled to compassionate release. First, Egan has not argued that he has

6    exhausted his administrative remedies. Courts in the Ninth Circuit "have near unanimously

7    concluded that failure to exhaust administrative remedies is fatal to a compassionate release

8    petition even in light of the urgency created by COVID-19." United States v. Fuller, 2020 WL

9    1847751, *2 (W.D. Wash. Apr. 13, 2020); see also United States v. Route, 458 F.Supp.3d 1285,

10   1288 (W.D. Wash. Apr. 29, 2020) (collecting cases). Second, Egan has not established that he is

11   no longer a danger to the public. Egan's motion does not address this portion of the requirement

12   but his current involvement in a state homicide charge casts doubt on finding that he is no longer

13   a danger to the public. Third, Egan has not met his burden to establish extraordinary and

14   compelling reasons exist to justify compassionate release. Egan argues that his hypertension and

15   weakened immune system place him at higher risk of COVID-19. However, there are no medical

16   documents to establish his underlying conditions. Egan argues that he does not seek to be

17   released from prison, only that his federal sentence be terminated so he can remain in state

18   custody full time. However, the Court fails to see how compassionate release to full-time state

19   custody offers any additional protection from COVID-19. Because Egan has not exhausted his

20   administrative remedies, has not met his burden to show he is no longer a danger to the public or

21   that extraordinary and compelling reasons exist to justify release, and is no longer in BOP

22   custody, the Court denies his motion for compassionate release.

23           Egan also argues that he is entitled to GTC under the First Step Act. However, this Court

24   does not have authority to grant GTC. The statute "makes it clear that it is the Bureau of Prisons,

25   not the court, that determines whether a federal prisoner should receive good time credit." U.S. v.

26   Evans, 1 F.3d 654, 654 (7th Cir. 1993). The First Step Act does not include any language

27   indicating that it gives courts authority to grant time credits.

28           Egan also requests that the Court appoint him counsel to assist with his arguments. The

1   right to appointed counsel "extends to the first appeal of right, and no further." <u>Pennsylvania v.</u>

2   <u>Finley</u>, 481 U.S. 551, 555 (1987). The Federal Public Defender's office reviewed Egan's motion

3   and determined that it did not warrant their involvement or supplementation. As such, the Court

4   denies Egan's motion for appointment of counsel.

5       IV.    <u>Conclusion</u>

6       Accordingly, IT IS HEREBY ORDERED that Defendant's Request for Sentence

7   Modification (#1602) is **DENIED**.

8       IT IS FURTHER ORDERED that Defendant's Motion for Sentence Reduction (#1612) is

9   **DENIED**.

10      IT IS FINALLY ORDERED that Defendant's Motion for Appointment of Counsel

11  (#1607) is **DENIED**.

12  Dated this 1st day of February, 2021.

13

14  _____

15  Kent J. Dawson
    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28